NO. 07-03-0056-CR


 07-03-0057-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 15, 2004


______________________________



SEAN KELLY FOSTER A/K/A SEAN KELLY JOSEPH;


JOSEPH SEAN FOSTER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 78161, 85290; HONORABLE CHARLES D. CARVER, JUDGE


_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pending before this Court is appellant's motion to dismiss his appeal. Appellant and his
attorney both have signed the document stating that appellant withdraws his appeal. Tex. R. App.
P. 42.2(a). No decision of this Court having been delivered to date, we grant the motion. 
Accordingly, the appeal is dismissed. No motion for rehearing will be entertained and our
mandate will issue forthwith.

 James T. Campbell

 Justice

Do not publish.



enger
seat, and found the pistol's magazine behind the driver's seat. Appellant was arrested and
transported to jail. During the booking process, when appellant removed his shoes and
socks, a .45 caliber round fell out of his right sock. After the round fell, appellant said to
the booking officer that he was going to buy the pistol so that is why he was looking at it
and why his fingerprints would be on it. (2)

Analysis

 On appeal, appellant challenges the admission of the statement he made during the
booking process. At trial, appellant objected to the admission of the statement, contending
it was the result of custodial interrogation. After holding a hearing to determine its
admissibility, the trial court admitted the statement as voluntary and as res gestae of the
arrest or offense pursuant to article 38.22, Section 5 of the Code of Criminal Procedure. (3) 
 We review the trial court's determinations regarding admissibility of evidence for an abuse
of discretion. Montgomery v. State, 810 S.W.2d 372 (Tex.Crim.App. 1990) (op. on reh'g).


 On appeal, appellant again advances the argument that the trial court erred in
overruling his objection because the statement was made while he was arrested,
handcuffed, and in the custody of the police during which time they questioned him. He
contends article 38.22 barred admission of the statement. In supporting this argument,
he asserts it is established the prosecution may not use statements stemming from
custodial interrogation of a defendant. 

 Article 38.22 provides that an oral statement made as a result of custodial
interrogation may not be used against an accused unless an electronic recording is made,
he has received a warning explaining his legal rights, and he has knowingly, intelligently,
and voluntarily waived the rights described in the warning. Tex. Code Crim. Proc. Ann. art.
38.22, § 3 (Vernon 2005). The article does not preclude the admission, however, of a
statement that is res gestae of the arrest or the offense, a statement that does not stem
from custodial interrogation, or a voluntary statement whether or not the result of custodial
interrogation. Id. § 5.

 The State acknowledges appellant was in custody when he made the statement, but
contends, inter alia, the trial court properly could have found it was not the result of
interrogation. (4) We agree. 

 As noted, the statement at issue was made while appellant was being booked into
jail. Testimony showed that jail policy requires that individuals be searched before
placement in the general jail population to ensure no weapons or narcotics are brought into
the jail. It was during this search that appellant removed his shoes and socks, allowing the
bullet to fall from his sock. The only testimony concerning statements made to appellant
during this process involved a routine health-related inquiries. Appellant appears to take
the position that all official questioning at the jail should be regarded as custodial
interrogation. As a general rule, our courts have not done so, and we will not treat the
challenged statement as a response to custodial interrogation merely because it occurred
during the jail booking procedure during which appellant was asked some routine
questions. See Cross v. State, 144 S.W.3d 521, 525 n.5 (Tex.Crim.App. 2004); Edwards
v. State, 813 S.W.2d 572, 578 (Tex.App.-Dallas 1991, pet. ref'd) (both noting that routine
questions asked during booking do not constitute custodial interrogation). 

 The booking officer testified that when the bullet fell out of appellant's sock,
appellant and the officer looked at each other. There is no evidence that the officer said
anything. Interrogation includes not only express questioning but also the words and
actions of police officers that they should know are reasonably likely to elicit an
incriminating response from a suspect. (5) But officers are not held accountable for the
unforeseeable result of their words or actions. Innis, 446 U.S. at 302; Camarillo v. State,
82 S.W.3d 529, 534-35 (Tex.App.-Austin 2002, no pet.). To constitute interrogation, the
conduct undertaken by the supposed interrogator must reflect some measure of
compulsion distinct from any compulsive effect inherent in being placed in custody. Smith
v. State, 60 S.W.3d 885, 889 (Tex.App.-Amarillo 2001, no pet.), citing Griffith v. State, 55
S.W.3d 598, 603 (Tex.Crim.App. 2001). If no such compulsion, direct or indirect, occurred,
the utterance did not arise from interrogation. Smith, 60 S.W.3d at 889. We perceive no
compulsion in the exchange of looks between appellant and the officer, nor does it appear
the officer could have predicted that his look at appellant would elicit an incriminating
response. See Smith, 60 S.W.3d at 889 (for a comment to be the result of custodial
interrogation, the words or actions utilized by the police must not only be of the ilk which
the officer should know are reasonably likely to elicit an incriminating response but also
have some compulsive effect). The trial court did not abuse its discretion by concluding the
statement was not the result of custodial interrogation. 

 Appellant's sole issue on appeal is overruled. We affirm appellant's conviction and
sentence.

 James T. Campbell

 Justice





Do not publish.



 



 





1. See Tex. Penal Code Ann. § 46.04 (Vernon 2003). Appellant stipulated to his prior
felony conviction of evading arrest with a vehicle. 
2. No usable latent fingerprints were found on the gun.
3. Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005). 
4. The State also asserts the statement was admissible as res gestae of appellant's
arrest. We do not address that contention.
5. See Rhode Island v. Innis, 446 U.S. 291, 302, 100 S.Ct. 1682, 64 L.Ed.2d
297(1980); Morris v. State, 897 S.W.2d 528, 531 (Tex.App.-El Paso 1995, no pet.).